**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FERNANDO TZIRIC-MAAZ,** | : | |
| ***Petitioner*,** | : | |
| | : | |
| v. | : | **CIVIL NO. 26-5166** |
| | : | |
| **J.L. JAMISON et al.,** | : | |
| ***Respondents*.** | : | |
| | : | |

**Scott, J.** **July 28, 2026**

**MEMORANDUM**

Petitioner Fernando Tziric-Maaz filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking immediate release. ECF No. 1. Petitioner alleges that his detention by the United States Immigration and Customs Enforcement ("ICE") violates the Immigration and Nationality Act ("INA"), the Administrative Procedure Act, and his Due Process rights. *Id.* ¶ 5.

Petitioner is a native of Guatemala. *Id.* ¶ 18. Petitioner entered the United States on or about 2014 and has remained in the United States since. *Id.* After entry, Petitioner proceeded to live in New Jersey with his family before relocating to Philadelphia. *Id.* ¶ 19. Petitioner found work in landscaping and tree maintenance to support his family and established "strong community ties in the United States." *Id.* ¶ 20. On or about July 21, 2026, at 6:30 A.M., Petitioner was at home when ICE agents entered his home looking for someone else. *Id.* ¶ 22. Although Petitioner was not the target, ICE agents arrested him without prior notice or an opportunity to contest his detention. *Id.*

The Government filed a Response informing the Court that "this action raises the same issue of the lawfulness of mandatory detention under 8 U.S.C. § 1225(b)(2)(A) that this Court has

previously addressed in hundreds of prior cases." ECF No. 4 at 1. The Government states that its Response is an "abbreviated" version of the responses it filed in those prior cases and that it will submit further briefing "only on request of the Court." *Id.* The Government also cites the Federal Rules of Civil Procedure for the notion that the Rules "should be construed . . . to secure the just, speedy, and inexpensive determination of every action and proceeding." *Id.* (citing Fed. R. Civ. P. 1). The irony is not lost on this Court that the Government now seeks to make these proceedings efficient even though its own actions—which the Eastern District of Pennsylvania has in hundreds of cases deemed illegal and premised on a dubious statutory interpretation—are responsible for the fusillade of cases that have inundated the Court's dockets. *See also Once Chillogallo v. Jamison et al.*, 2026 WL 295741, at *1 (E.D. Pa. Feb. 4, 2026) ("[F]or each rejection of the government's legal position and granting of habeas relief to petitioners, at least two more nearly-identical habeas petitions appear to populate the dockets of this district."). The Government also notes Petitioner's criminal history—which includes arrests and charges for various offenses that were later withdrawn—and concedes that such history is not the basis for Petitioner's detention. *Id.* at 2.

Even without the benefit of full briefing, it is obvious that the law favors Petitioner's position. Accordingly, and for the same reasons given in the hundreds of other cases dealing with this issue, the Court holds that Petitioner's detention violates the INA. *See, e.g.*, *Kashranov v. Jamison*, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Demirel v. Fed. Det. Ctr. Philadelphia*, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025); *Ndiaye v. Jamison*, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Cantu-Cortes v. O'Neill*, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025); *Bhatia v. O'Neill*, 2025 WL 3530075 (E.D. Pa. Dec. 9, 2025).

This Court therefore grants Petitioner's request for immediate release, given that his detention under 8 U.S.C. § 1225(b)(2) violates the INA and a bond hearing is unnecessary because nothing in the record suggests that Petitioner is a harm to the community or a flight risk. Moreover, ICE is enjoined from detaining Petitioner under 8 U.S.C. § 1226(a) for seven days following his release. An appropriate Order accompanies this Memorandum.